UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KYLE MARVEL,                          )
                                      )
            Petitioner,               )
                                      )
      v.                              )            No. 2:18-cv-00035-JMS-DLP
                                      )
BRIAN K. SMITH,                       )
                                      )
            Respondent.               )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

Kyle Marvel's petition for a writ of habeas corpus challenges his disciplinary conviction in ISF 17-11-0270, for offense B-202, possession of a controlled substance. For the reasons explained in this Entry, Mr. Marvel's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt.  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B.    The Disciplinary Proceeding

On November 20, 2017, Mr. Marvel was charged with offense B-202, possession of a controlled substance. The conduct report stated:

> On 11-20-17 at approximately 0730 am in 16 North, I officer Alber . . . was performing a shakedown of offender Kyle Marvel #249180 . . . when I found a small gray bag with multiple folded up papers with crystal like powder in his property box. I advised him of the conduct report and identified him by his state issued i.d.

Dkt. 7-1. Photographs were taken and sent to internal affairs (IA). Dkt. 7-3. Mr. Marvel was provided with a notice of confiscated property form. Dkt. 7-2.

On November 22, 2017, Mr. Marvel was provided a copy of the Report of Conduct and Notice of Disciplinary Hearing (Screening Report). Mr. Marvel was notified of his rights and he pleaded not guilty. Mr. Marvel did not request any witnesses but did request the "evidence sent to lab." Dkt. 7-5. A field test referred to as "Methamphetamine/MDMA (Ecstasy) Reagent field test 15" was positive for methamphetamine. Dkt. 7-4.

On November 28, 2017, the disciplinary hearing officer (DHO) held a hearing. Dkt. 7-7. Mr. Marvel pleaded not guilty and the hearing officer recorded Mr. Marvel's comment as follows: "someone told the c/o I had something. Claims this is neuroten. Not on meds." *Id.* The evidence requested at screening was considered and the hearing officer relied on the staff reports and Mr. Marvel's statement in finding Mr. Marvel guilty of offense B-202, possession of a controlled substance. The DHO imposed the following sanctions: a written reprimand, 20 hours of extra work duty, and the imposition of the suspended demotion from credit class B to credit class C.[1]

---

[1] The suspended sanction was originally issued in case ISF 17-10-0418.

Mr. Marvel appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.    Analysis**

Mr. Marvel raises three grounds in support of his petition for habeas relief. Each ground for relief is discussed below.

First, Mr. Marvel claims that the DHO did not rely on the evidence he specifically asked for and based a guilty finding off of faulty staff assumptions. Dkt. 2 at p. 3. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). The disciplinary record in this case does not support Mr. Marvel's argument. The DHO, Angela Hooker, specifically testified that she considered staff reports, Mr. Marvel's statement, and the positive field test in finding Mr. Marvel guilty. Dkt. 7-10. But more importantly, even if the field test results had not been considered, Mr. Marvel would not be entitled to any relief because the field test was not exculpatory. Instead, it confirmed that the substance tested positive for methamphetamine.

Second, Marvel asserts that IDOC staff acted as expert scientific witnesses when they conclusively identified a substance as a controlled substance without any previous knowledge, training or testing to show what the substance was. Dkt 2 at p 3-4. There is no basis to conclude that the officer's actions were improper. A finding of guilt in the prison disciplinary context does not require "conclusive" evidence. All that is required is "some evidence." "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). In this case, the conduct report, photograph, and positive field test result are "some evidence," to support the conclusion reached by the DHO. No relief is warranted on this basis.

Third, Mr. Marvel alleges that officials know that field testing a medication called neurontin will show a positive result for methamphetamines and that the prison should instead send the evidence to a laboratory to correctly identify it. This argument is problematic for a few reasons. To begin, Mr. Marvel has no evidence that neurontin (a medication which requires a prescription) would test positive in a field test. Next, the disciplinary hearing report suggests that the DHO considered Mr. Marvel's claim that the substance was neurontin but reasonably discounted this argument because Mr. Marvel is "not on meds." Finally, the theory that the

substance was prescribed neurontin is incredible because the conduct report described the substance at issue as a crystal like powder being maintained in small paper packages, and not in prescription medication packaging. No relief is warranted on this basis.

Finally, in his reply, Mr. Marvel attempts to raise new grounds for relief. These newly raised grounds for relief are summarily rejected. New arguments may not be raised in reply. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are deemed waived"); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (same); *United States v. Foster*, 652 F.3d 776 n. 5 (7th Cir.2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.").  Moreover, the record reflects that these new claims for relief were not fully exhausted. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Marvel to the relief he seeks. Accordingly, Mr. Marvel's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/27/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KYLE MARVEL
249180
PUTNAMVILLE – CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov